IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GREGORIO GUTIERREZ               )
                                 )
          Plaintiff,             )
                                 )
     v.                          )          Case No. 10 CV 4152
                                 )          Jude Robert Gettleman
P.A.L., LTD. d/b/a Angelino's,)             MAGISTRATE JUDGE
and PHILIP PASCARELLA,           )          ARLANDER KEYS
                                 )
          Defendants.            )
                                 )

**Memorandum Opinion and Order**

In this case, Plaintiff Gregorio Gutierrez alleges that

P.A.L., LTD. d/b/a Angelino's and Philip Pascarella (collectively

"Defendants") committed wage theft by denying Plaintiff his

earnings for time he worked from July 2009 until December 2009.

During this period, Plaintiff alleges that he worked for

Defendants as a dishwasher, but was not compensated.  Defendants

deny these allegations and assert that, not only did Mr.

Gutierrez not work for Defendants after June 30, 2009, but also

that Angelino's ceased operations on June 30, 2009, and all

employees were terminated.

The parties have been conducting discovery for several

months.  Now, Plaintiff has filed a motion for sanctions due to

spoliation of evidence [25] and a motion for sanctions for

discovery misconduct [32].  The Court considers each motion in

turn.

## I.   Plaintiff's Motion for Sanctions Due to Spoliation of Evidence

First, Mr. Gutierrez argues that Defendants should be sanctioned for spoliation of evidence.  Mr. Gutierrez claims that he is unable to prosecute his case as he has been severely prejudiced by Defendants' failure to preserve documents. Specifically, Mr. Gutierrez argues that Defendants did not produce documents that they knew existed and that these documents were later allowed to be taken from Defendants' custody and control by a bank in a foreclosure proceedings.

The document that initially raised these issues is a memorandum from Defendant Phillip Pascarella, dated June 30, 2009, that allegedly informed all employees that they no longer worked for Defendants.  Defendants informed Mr. Gutierrez that this document existed, but that they could not produce it as it was on a computer in a building which was foreclosed on in August 2010 and thus, not within their control.  (Mot. at Ex. D, no. 13.)  The Court notes that the Complaint was filed herein on July 2, 2010 and was served on Defendants on November 7, 2010. In response to Plaintiff's Second Request for Production of Documents and Plaintiff's Second Set of Interrogatories, Defendants responded to certain requests by stating that the information "was maintained on a computer hard drive at the location which has since been attached by the Old Second National Bank under its mortgage and security interest in the furniture

2

and fixtures of 80 West LLC, West 90, Inc. and P.A.L. Ltd. and is
no longer in the custody or control of the Defendants. Second
National Bank foreclosed its interests in August, 2010." (Exs. D
and E to Mot.) Besides the June 30, 2009 memorandum, the
requested information that is now unavailable includes contracts
and receipts for banquet hall rentals in the same building. Mr.
Gutierrez claims this information is necessary to proceed with
his case. Defendants claim that this information, regarding the
banquet hall, is not related to this case, and instead is a
request propounded to create a spoliation claim.

Mr. Gutierrez asserts that, after being served with the
Complaint, Defendants did not retain back-up tapes for computer
files, or make a copy of business records. Defendants respond
that, after having knowledge of this litigation, they had access
to computers and business records and conducted searches of this
material for potentially relevant evidence. Defendants do admit
that they did not back-up the computer before it was seized by
the bank. Mr. Gutierrez argues that Defendants' failure to back-
up the computer, and failure to copy all business records while
they had access to them, evinces a calculated disregard for their
discovery obligations in this case and is particularly egregious
considering that Defendants were aware that the building housing
the computer and business records was in foreclosure.

Mr. Gutierrez contends that he has been severely prejudiced

by Defendants' failure to meet their discovery obligations. He argues that Defendants had an opportunity to pick and choose which documents would be produced and then used the foreclosure as an excuse for their non-preservation and inability to produce certain information. Plaintiff argues that the lack of production affects his ability to prosecute his case and overcome Defendants' arguments that they ceased operations and no longer had employees as of June 30, 2009. Defendants respond that Plaintiff will suffer no substantial prejudice, even assuming the loss of the June 30, 2009 memorandum. Defendants argue that "the loss of the memo does not prevent Plaintiff from using evidence essential to its underlying claim." (Resp. at 13.) Defendants further argue that the information that Mr. Gutierrez claims is needed from the unavailable documents can be discovered by other methods. For example, Defendants state that their inability to locate Mr. Pascarella's memorandum instructing Property Manager, Elena Sanfratello, to conduct a meeting of employees to notify them of the cessation of Angelino's operation is merely corroborative evidence of the event. Defendants have disclosed Ms. Sanfratello as a witness to testify to this same information. As of the filing of the motion, Plaintiff had not deposed her.

A party has a duty to preserve evidence it reasonably knows to be relevant or could reasonably forsee as material to potential litigation. *See Wells v. Berger, Newmark & Fenchel,*

*P.C.*, No. 07-cv-3061, 2008 WL 4365972, at *6-7 (N.D. Ill. March 18, 2008). Plaintiff argues that Defendants were under an obligation to retain all potentially responsive documents and things no later than the date it was aware of Plaintiff's complaints regarding unpaid wages. Defendants contend that the documents that they gathered before the seizure of the computer, and produced to Mr. Gutierrez, satisfy their burden to preserve relevant documents. Defendants made copies of and produced Plaintiff's time records, payroll, wages, W-2 information, application, references, and related documents relative to Plaintiff's employment. (Resp. at 3.) In addition, Defendants produced Chef Paul's January 1, 2009 Retail Lease, the January 29, 2009 newspaper article announcing the takeover of the Angelino's restaurant, the July 1, 2009 Commercial Lease with Bella N Blue, and Defendants' 3rd quarter certified IDES Employer's Contribution and Wage Report showing a single employee beginning July 1, 2009. (Resp. at 3; 6-7.)

The court has inherent discretion to impose sanctions where necessary to prevent abuses of the judicial process and to promote the efficient administration of justice. *Barnhill v. U.S.*, 11 F.3d 1360, 1367 (7th Cir. 1993). The doctrine of spoliation provides that, when a litigant has destroyed, fabricated, or suppressed relevant evidence, the trier of fact may, but is not required to, draw an inference that the evidence

5

would have been unfavorable to the spoliator. *American Family Mutual Ins. Co. v. Roth*, No. 05 C 3839, 2009 WL 982788, at *10 (N.D. Ill. February 20, 2009). "A party claiming spoliation by its adversary must prove that the destruction was intentional or the result of fault - generally beyond mere negligence, and that the document was relevant to an issue at trial." *Id.* quoting *Crabtree v. Nat'l Steel Corp.*, 261 F.3d 715, 721 (7th Cir. 2001). Defendants argue that here, they have not destroyed, fabricated or suppressed evidence, either intentionally or through fault greater than mere negligence, and there is no prejudice to Plaintiff because there is no deprivation of evidence essential to his wage claim. The Court agrees. Defendants' actions, or lack thereof, do not rise to the level of destroying, fabricating or suppressing relevant evidence. Therefore, the Court does not draw the inference that the evidence would have been unfavorable to Defendants.

Plaintiff also argues that he is entitled to an adverse inference sanction in this case, because Defendants failed to secure all relevant documents from the outset of the litigation. (Reply at 2.) An adverse inference sanction does not require proof that documents that were deleted or destroyed were done with the specific intent to deprive the opposing party of information that supports his case, but instead requires that there is gross negligence that rises to the level of fault.

*Porche v. Oden*, No. 02-cv-707, 2009 WL 500622, at *8 (N.D. Ill. Feb. 27, 2009). An adverse inference sanction may be imposed where such a sanction is proportionate with the circumstances involved, the misconduct was prejudicial to the other party, and the misconduct evinces willfulness, bad faith, or fault. *Plunk v. Village of Elwood, Illinois*, No. 07-cv-88, 2009 WL 1444436, at *11 (N.D. Ill. May 20, 2009). Mr. Gutierrez argues that Defendants' reckless disregard of their obligations is bad faith and warrants a severe sanction. He further argues that the fact that Defendants were able to produce some documents is utterly irrelevant, especially in light of the fact that Defendant Mr. Pascarella was able to decide what would be produced.

Defendants argue that there was no bad faith in their conduct. Defendants contend that they preserved the relevant information, that they had no duty to "keep every scrap of paper," and that Plaintiff is using the fact that the computer was seized as a "red herring" since the facts are not on his side. (Resp. at pp. 13; 15.) Defendants again point out that Mr. Gutierrez is not prejudiced by the documents that they are unable to produce, as he can obtain the same information from other sources, or because the documents requested are irrelevant. Defendants assert that there was never a suggestion that banquet hall receipts and bookings were reasonably likely to be the subject of discovery requests until Plaintiff's second wave of

discovery, which came after the notification that the computer was seized. Defendants argue that the request is far afield of the realm of relevant documents to either Plaintiff's wage claim or Defendants' defense, and should be dismissed as immaterial.

As sanctions, Plaintiff requests that the Court enter an Order: (1) granting Plaintiff an adverse inference that the documents did not contain statements that Defendants had ceased restaurant operations as Angelino's on July 1, 2009; (2) precluding Defendants from arguing that they ceased restaurant operations as Angelino's on July 1, 2009; and (3) precluding Defendants from arguing that they were not Plaintiff's employers as defined by the FLSA, the IMWL, and the IWPCA.

After considering the time line of events, actions taken by both sides during discovery, the realm of documents preserved and produced by Defendants, and the nature of the documents not preserved, the Court does not find that Defendants' actions rise to the level warranting sanctions. Nor does the Court find that Plaintiff's suggested sanctions are proportionate to the circumstances involved here. Plaintiff's motion for sanctions due to spoliation of evidence is denied.

## II.  Plaintiff's Motion for Sanctions for Discovery Misconduct

Next, Mr. Gutierrez requests an order of sanctions against Defendants for improperly certifying interrogatory responses, in

violation of Federal Rule of Civil Procedure 26(g). Mr. Gutierrez argues that Defendants improperly withheld information and only provided it after Plaintiff filed his motion for sanctions due to spoliation of evidence. (Mot. Misconduct at 1.) Plaintiff argues that Defendants are attempting to use their Supplemental Answers to Interrogatories to respond to Plaintiff's motion for sanctions and to avoid summary judgment. Consequently, Plaintiff requests that the Court not allow Defendants to supplement their interrogatory answers as a sanction.

On July 13, 2011, Plaintiff propounded his Second Set of Interrogatories to Defendants. On August 12, 2011 Defendants produced their Answers to Plaintiff's Second Set of Interrogatories. On August 17, 2011, Plaintiff filed his motion for sanctions regarding spoliation, as discussed above. On September 2, 2011, Defendants served Defendants' Supplemental Answers to the Second Set of Interrogatories. Defendants supplemented their responses to Interrogatory Nos. 15, 16, and 18. On September 6, 2011, Plaintiff requested that Defendants withdraw their Supplemental Answer to Plaintiff's Second Set of Interrogatories. On September 9, 2011, Defendants agreed to withdraw their responses to Interrogatory Nos. 16 and 18, but refused to withdraw their response to Interrogatory No. 15 ("Supplemental Answer"). (Mot. Misconduct at Ex. C.) Plaintiff

contends that Defendants mistakenly construe the obligation to supplement as a license to bolster their discovery responses in light of Plaintiff's motion for sanctions regarding spoliation and the prospect of summary judgment, and thus the Supplemental Answer should not be accepted as evidence. (Mot. Misconduct at 7.)

Federal Rule of Civil Procedure 26(e) requires a party who has responded to an interrogatory to supplement or correct its disclosure in a timely manner if that party learns that, in some material respect, the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing. In this case, in response to Interrogatory No. 15 which sought the dates, the names of the parties, and the amount paid by the renter for rentals of the banquet hall from July 1, 2009 to December 31, 2009, Defendants originally stated:

> None. All business records of Angelino's restaurant at the location were attached by the Old Second National Bank under its mortgage and security interest in the furniture and fixture of 80 West LLC, West 90, Inc., and P.A.L. Ltd. and is no longer in the custody or control of the Defendants. Second National Bank foreclosed its interest in August 2010.

(Mot. Misconduct at Ex. A.) In their Supplemental Answer to Interrogatory No. 15, Defendants stated:

ANSWER: None.

Supplemental Answer:

As indicated, there are no responsive documents. Any rental

of the banquet hall from July 1, 2009 to December 31, 2009, was done by either Chef Paul's Steak and Chophouse or Bella N Blue without any involvement by Defendants. Consequently, Defendants have no records responsive to the request.

On three or four occasions after July 1, 2009, when Angelino's had ceased its operations and the banquet hall bookings would have been handled by either Chef Paul's Steak and Chophouse or Bella N Blue, dirty dishes were left on site. On those occasions, property manager Elena Sanfratello communicated the issue to Defendants and received authorization to engage either Skigeki Nakayama, the building janitor or Kacey Kinz, a handyman, to wash the dishes.

(Mot. Misconduct at Ex. B.) An attorney for Defendants certified the original answer and Supplemental Answer. Plaintiff contends that these responses are "starkly different." (*Id.* at 7.)

Plaintiff argues that Defendants wrongly used the opportunity to supplement interrogatories as a chance to change their response and to provide information, previously withheld, at a time beneficial to them. Plaintiff argues that the original answer implied that the banquet hall was not rented out during the specified time period and "if the banquet hall was rented the records of that rental were taken in the foreclosure. The new response states that there are no records because the tenants booked the banquet hall during this period." (Mot. Misconduct at 6.) Plaintiff argues that the Supplemental Answer was made in bad faith, despite the fact that Defendants' attorney, by signing both answers to interrogatories, certified that the information provided was "to the best of his knowledge, information and

11

belief" as required by Federal Rule of Civil Procedure 26(g)(1)(B). Plaintiff suggests that one of the answers is either evasive or completely false, violating the text and spirit of Federal Rule of Civil Procedure 26(g). (*Id.* at 7.)

Defendants respond that their original answer to Interrogatory No. 15 and Supplemental Answer are consistent, and that the Supplemental Answer simply supplies additional information. Defendants argue that Plaintiff misinterprets the original answer to mean that there were no documents to provide because they had all been seized, when they meant the answer to mean that there were "no documents." (Resp. Misconduct at 2.) Defendants explain that they intended the Supplemental Answer to expand on the original as to why there were no documents. Defendants contend that, in the Supplemental Answer, they used "reasonable efforts to assure that the client has provided all the information and documents available to him that are responsive to [the] request." (*Id.* at 4.) Plaintiff argues that this effort to assure that *all the information* was provided should have been applied in the original answer to Interrogatory No. 15. (Reply Misconduct at 3.)

Plaintiff asserts that Interrogatory No. 15 is not "the type of interrogatory where further inquiry would have resulted in the need for a supplement, if the proper reasonable efforts had been employed by counsel to ensure that the information provided by

12

Defendants was correct and complete." (Mot. Misconduct at 7.)

Defendants respond that it is "Plaintiff's misreading and creation of implications that give rise to the instant Motion." (Resp. Misconduct at 13.) Plaintiff contends that the timing of the Supplemental Answers supports his argument that the supplementation was used as an opportunity to change a response, instead of for the intended use of Rule 26. Mr. Gutierrez points out that Defendants only supplemented after he filed the motion for sanctions due to spoliation. (Mot. Misconduct at 8.)

Defendants respond that discovery was still open when they supplemented and state that they were fulfilling their obligation to seasonably supplement their discovery. Defendants also explain that the timing of the Supplemental Answer was caused by the motion for sanctions due to spoliation. Defendants state that they learned of Mr. Gutierrez' misread of the original answer to Interrogatory No. 15 in the first motion for sanctions, when Plaintiff inferred that there were no banquet hall rental documents in Defendants' possession, because they had been seized. (*Id.* at 8.) Defendants argue that they then realized that they had to clarify that they did not have any rental documents for the banquet hall as requested, because they no longer operated the restaurant from July 1, 2009 through December 31, 2009, which they thought they had made clear through discovery. (*Id.*)

Plaintiff argues that Defendants' actions in supplementing their answer to Interrogatory No. 15 warrants the Court to use its inherent power to sanction a party for abuses of the judicial process. Plaintiff requests that the Court enter an Order: (1) striking Defendants Supplemental Answer to Interrogatory No. 15; (2) precluding Defendants from arguing that they did not rent the banquet hall from July 1, 2009 to December 31, 2009; (3) precluding Defendants from arguing that Plaintiff did not wash dishes for events held at the banquet hall from July 1, 2009 to December 31, 2009; and (4) requiring Defendants and/or their attorneys to pay Plaintiff's reasonable expenses, including attorney's fees, caused by Defendants' misconduct. This request is denied. The Court does not find that Defendants' Supplemental Answer was made in bad faith. Defendants have not abused the discovery process or caused undue delay or prejudice by providing Mr. Gutierrez with the Supplemental Answer. Neither Defendants' counsel nor their client have violated Federal Rule of Civil Procedure 26. Plaintiff's motion for sanctions for discovery misconduct is denied.

## Conclusion

For the foregoing reasons, Plaintiff's motion for sanctions due to spoliation of evidence [25] and motion for sanctions for discovery misconduct [32] are denied.

Date: November 23, 2011      E N T E R E D:

MAGISTRATE JUDGE ARLANDER KEYS
UNITED STATES DISTRICT COURT