IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORIO GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | No. 10 C 4152 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| P.A.L., LTD., d/b/a Angelino's and PHILLIP ) | |
| PASCARELLA, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

On April 25, 2012, this court granted defendants' motion for summary judgment and judgment was entered in favor of Defendants, P.A.L., Ltd. and Phillip Pascarella. Defendants timely filed a bill of costs seeking to recover $1385.22 from plaintiff Greogorio Gutierrez. Plaintiff objected to defendants' bill of costs and defendants responded to plaintiff's objections. For the reasons stated below, defendants are entitled to a total of $547.05.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(d), a prevailing party may recover costs other than attorneys' fees unless otherwise disallowed by a statute, other rule, or court order. These costs do not include every out-of-pocket expense that might be incurred by a party in the course of litigation. Costs that are generally recoverable include: fees of the clerk and marshal; fees for printed or electronically recorded transcripts necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; docket fees; and compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. In analyzing a bill of costs, there "is a presumption that the prevailing party will recover costs, and the losing party

bears the burden of an affirmative showing that taxed costs are not appropriate." Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 864 (7th Cir. 2005). An award of costs requires two inquiries: "(1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." Majeske v. City of Chicago, 218 F.3d 816, 824 (7th Cir. 2000).

## ANALYSIS

### I. Service of Process Fees

Defendants seek to recover $500 that they paid to plaintiff for the costs he incurred in formally serving defendant Pascarella, who had refused to waive formal service of process. Plaintiff contends that because Pascarella failed to execute a valid waiver, he should not be taxed the $500 that was expended in personally that serving defendant. To support this assertion, plaintiff relies on Fed. R. Civ. P. 4(d), which sets forth a procedure for asking defendants to waive formal service and provides that a defendant who refuses to provide a waiver without good cause must bear the costs of effecting formal service. The underlying purpose of Rule 4(d) is "to eliminate the costs of service of a summons on many parties and to foster cooperation among adversaries and counsel." Fed. R. Civ. P. 4(d) Advisory Committee Note on 1993 Amendments.

A prevailing party cannot recover fees for not executing a valid waiver of service. See Deimer v. Cincinnati Sub-Zero Prods., Inc., 58 F.3d 341, 345 (7th Cir. 1995); see also Estate of Darulis v. Garate, 401 F.3d 1060, 1063 (9th Cir. 2005) (concluding that even though defendants were the prevailing party in the litigation, they were required to pay costs of service because they failed to waive service of process). Further, defendants provide no authority to have this court

tax the costs for service of process in this case. Accordingly, plaintiff's objection to defendants' claim for $500 in service of process fees is sustained.

## II. Deposition Costs

Defendants seek deposition costs amounting to $656.45. This sum consists of $296.45 in transcript fees, $125 for a court reporter's appearance, $25 for an electronic transcript ("e-transcript") of plaintiff's deposition, and $210 in interpreter fees.

Deposition costs, including the costs of deposition transcripts, are recoverable under § 1920(2). Cengr v. Fusibond Piping Sys., 135 F.3d 445, 454 (7th Cir. 1998). Under Northern District of Illinois Local Rule 54.1(b), "the costs of the transcript or deposition shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." The rate cap established in the Local Rule applies to deposition charges by private court reporters. Cengr, 135 F.3d at 456. When the deposition at issue occurred, the copy rate established by the Judicial Conference for regular original deposition transcripts was $3.65 per page and $0.90 per page for the first copy of those transcripts. N.D. Ill. General Order, Sept. 24, 2002.

Here, defendants seek $296.45 for a copy of plaintiff's 77-page deposition transcript. Based on the invoice from Absolute Reporters, Inc., defendants were charged $3.85 per page.[1] Because Absolute Reporters' per page copy rate exceeds the $3.65 rate established by the

---

[1] $296.45 / 77 pages = $3.85

Judicial Conference, the cost to be taxed against plaintiff for a copy of the deposition is reduced to $281.05.[2]

Defendants also seek to recover $125 in court reporter attendance fees. Contrary to plaintiff's assertion, these fees are recoverable under 28 U.S.C. § 1920(2). <u>Held v. Held</u>, 137 F.3d 998, 1002 (7th Cir. 1998) ("Even though these fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2)."). But the court reporter's attendance fee may be taxed as costs only to the extent that the fee, when added to the per-page rate charged for the deposition transcript, does not make the total charge per page exceed the applicable page rate established by the Judicial Conference. <u>Higbee v. Sentry Ins. Co.</u>, No. 97 C 1349, 2004 WL 1323633, at *2 (N.D. Ill. June 11, 2004) (rates approved by the Judicial Conference cover all costs of transcript production) (citations omitted). As noted above, plaintiff's deposition consisted of 77 pages, and Absolute Reporters charged $3.85 per page as well as an attendance fee of $125. This court had to reduce the original cost of the deposition transcript to comport with the $3.65 maximum rate established by the Judicial Conference. Consequently, by adding the $125 attendance fee to the modified per-page rate charge, the total charge per page would exceed the maximum rate. <u>See id.</u> Therefore, defendants' request for $125 in court reporter attendance fees is denied.

---

[2]77 pages x $3.65 = $281.05. It is possible that defendants are intending to claim that Absolute Reporters provided them with the original and a copy, charging them $3.85 per page of the original only. (This is what Pascarella's statement that it would have cost $350.35 at the maximum authorized rate could imply.) But because this was not itemized in the bill of costs or otherwise explained to the court, the court declines to presume that it is the case. Further, Pascarella's affidavit is contradicted by Absolute Reporters' bill, which indicates that the $296.45 charge was for the "transcript original."

Next, the court rejects defendants' request for reimbursement of $25 for charges associated with the e-transcript that they ordered. Section 1920(2) requires a transcript to be "necessarily obtained for use in the case" for its cost to be recoverable. Under ordinary circumstances, the statute does not permit reimbursement for more than one copy of a deposition; in any event, defendants have failed to show that the e-transcript was obtained out of necessity rather than for the convenience of counsel. See, e.g., Williams v. Valtierra, No. 00 C 5734, 2002 WL 424634, at *1 (N.D. Ill. Mar. 19, 2002).

Finally, defendants seek $210 in costs for compensation of a Spanish interpreter who was used during plaintiff's deposition. 28 U.S.C. § 1920(6) provides that the compensation of interpreters may be taxed as costs where services were reasonably necessary. Plaintiff argues that defendants cannot claim the interpreter costs as a taxable expense because defendants have failed to show that interpretation services were necessary for litigation. In support, plaintiff cites 28 U.S.C. § 1924, which provides:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

Plaintiff's argument is unpersuasive. Defendants indeed provided an affidavit, stating that an interpreter "was necessitated because plaintiff, although he had been employed by the defendants for some years, allegedly did not speak English." Pascarella Aff. ¶ 4. Further, in light of plaintiff's inability to respond to certain questions in English during the course of his deposition, the services of the Spanish interpreter were reasonably necessary for the effective examination of plaintiff by defendant. Dkt. #47. Therefore, defendants' request for $210 in costs for interpreter fees is granted.

**III. Photocopying and Exemplification Charges**

Defendants submit exemplification costs of $189,[3] which includes $30 in copy costs of unidentified documents, $36.20 in photocopying and scanning expenses pertaining to plaintiff's deposition, $70.20 for summary judgment briefing copy costs, and $52.60 in response brief copy costs. Plaintiff challenges each of these costs.

28 U.S.C. § 1920(4) allows for "fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." A party seeking recovery of photocopying costs must produce evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. Glenayre Elecs., Inc. v. Jackson, No. 02 C 0256, 2003 WL 21947112, at *2 (N.D. Ill. Aug. 11, 2003). "[P]hotocopying charges for discovery and the court's copies of documents can be awarded, but charges for copies made solely for attorney convenience cannot." Shah v. Vill. of Hoffman Estates, No. 00 C 4404, 2003 WL 21961362, at *2 (N.D. Ill. Aug. 14, 2003). Where the court is unable to determine whether photocopies were reasonable or necessary for use in a case, a claim for costs should be denied. See, e.g., Glenayre Elecs., Inc., 2003 WL 21947112, at *2. A court is unable to determine whether copies of documents are necessary for the presentation of evidence to the court and should deny photocopying costs where the prevailing party fails to address the purpose of the copies, whether multiple copies were made of the same documents, or what documents were copied. Vigortone Ag Prods., Inc. v. PM Ag Prods., Inc., 99 C 7049, 2004 WL 1899882, at *8 (N.D. Ill. Aug. 12, 2004)

---

[3]Plaintiff incorrectly alleges that defendants seek $162.60 in exemplification costs.

Here, defendants have failed to disclose any information concerning the $30 photocopying charge for "Copying – Gutierrez documents." Thus, it is impossible for the court to determine whether the copies were necessary or reasonable for use in the case. See id. Defendants' request for that $30 is denied.

Next, plaintiff challenges the $36.20 in photocopying and scanning costs defendants claim they incurred regarding exhibits for plaintiff's deposition. Specifically, this amount is comprised of three entries submitted in defendants' bill of costs:

    (1) June 16, 2011 ("Scanning – Exhibits for Gutierrez Deposition")    ($15.60);
    (2) June 16, 2011 ("Copying – Exhibits for Gutierrez Deposition")    ($20.40);
    (3) June 17, 2011 ("Scanning – Exhibits for Deposition: Absolut[sic]")  (20 cents).

Because defendants have provided no further description of the documents scanned and copied, the court is unable to determine whether defendants are attempting to charge for the copying and scanning of the same documents, and if so, why that was necessary. See id. Further, the second entry shows that defendants copied three sets of 34 pages of exhibits.[4] Defendants have not identified these documents, nor have they explained why it was necessary for them to make three sets of copies. Accordingly, defendants' request for $36.20 is denied.

The last exemplification cost claimed by defendants is $122.80 for copies relating to cross-motions for summary judgment ($70.20) and 199 pages for defendants' responses to plaintiff's motion for sanctions ($52.60). Defendant Pascarella's affidavit asserts that "many if not all of the other copies were incurred for purposes of complying with Local Rule 5.2(f)," which requires a party who has filed a document electronically to submit a paper copy of that filing to the judge. Plaintiff contends, however, that defendants seek to recover an amount that is

---

[4]"34 pages x 3 @ .20"

7

grossly exaggerated. This court agrees. Defendants have not only apparently miscalculated the number of copied pages they seek to recover as costs, but they have inaccurately described the purpose of the copies made.

Although defendants may include copies of exhibits and documents prepared for the court's consideration of its motion for summary judgment, Scroggins v. Air Cargo, Inc., 534 F.2d 1124 (5th Cir. 1976), they may not include extra copies of filed papers, correspondence, and copies of cases that are prepared for the convenience of the attorneys rather than for the court. Shah, 2003 WL 21961363, at *2; see also Indep. Tube Corp. v. Copperweld Corp., 543 F.Supp. 706, 722 (N.D. Ill. 1982). Based on defendants' bill of cost matrix, this court is unable to determine which copies were necessarily incurred in the litigation because some of these documents seem to be duplicates, and the number of copied pages far exceeds the number of pages filed with the court.[5] For these reasons, the court declines to award the $127.80 to defendants. Instead, the court awards defendants $56 in exemplification costs—the amount of pages necessarily filed for courtesy copies of filings relating to the cross-motions for summary judgment and the September 2011 response to plaintiff's motion for sanctions.

---

[5]For example, defendants claim that they copied 64 pages as a courtesy copy of their response on sanctions. But from the docket, it appears that their response brief was 14 pages and the exhibits thereto were 24 pages, for a total of 37 pages. Moreover, 64 pages at 20 cents per page equals $12.80—not the $25.60 defendants claim.

**IV. Miscellaneous Expenses/Costs**

Finally, plaintiff objects to defendants' remaining requests on the ground that the items of cost in issue are not recoverable under 28 U.S.C. § 1920. The requests in issue are costs for an online background check search via Intelius ($1.85), online document retrieval through the PACER system ($0.32), fax transmissions ($1.60), and messenger services ($36).

**A. Intelius and PACER expenses**

Defendants seek $2.17 in PACER and Intelius online research charges. With regard to the Intelius expense, it is well established that costs associated with computerized legal research are recoverable only as part of an award of attorneys' fees and are not recoverable under Rule 54(d) and 28 U.S.C. § 1920. See, e.g., Haroco, Inc. v. Am. Nat'l Bank & Trust Co., 38 F.3d 1429, 1440–41 (7th Cir. 1994) (explaining that computer research costs are "more akin to awards under attorneys' fees provisions than under costs"); Angevine v. Watersaver Faucet Co., No. 02 C 8114, 2003 WL 23019165, at *9 (N.D. Ill. Dec. 23, 2003) (same).

The same is true for costs of retrieving documents through PACER, which are compensable only in connection with an attorneys' fees award and not under 28 U.S.C. § 1920. Angevine, 2003 WL 23019165, at *9; see Swan Lake Holdings, LLC v. Yamaha Golf–Car Co., No. 09 C 228, 2011 WL 1869389, at *4 (N.D. Ind. May 13, 2011) (noting that the case law is clear that charges for PACER fall into the same category as Westlaw and Lexis computerized research charges and are not recoverable as costs). Accordingly, plaintiff's objection to the claim for $2.17 in Intelius and PACER research expenses is sustained.

### B. Facsimile Fees

Although facsimile transmission expenses have been found to be recoverable as attorneys' fees, they are not recoverable as taxable costs. Angevine, 2003 WL 23019165, at *7; see Amati v. Woodstock, No. 94 C 50235, 1998 WL 299362, at *5 (N.D. Ill. May 27, 1998) (facsimile charges are not mentioned in 28 U.S.C. § 1920 and are not analogous to copy charges). Defendants have not provided any reason why that principle should not apply here. Accordingly, plaintiff's objection to defendants' claim for $1.60 is sustained.

### C. Messenger Service

Finally, defendants claim $36 in messenger fees for the delivery of mandated courtesy copies to the court pursuant to Local Rule 5.2(f). Courier or messenger service charges, however, are not recoverable under § 1920. A delivery charge is similar to postage or mail delivery. Costs for postage and mail services have consistently been disallowed on the grounds that these expenses are generally considered overhead, or part of the cost of operating a law firm. See, e.g., Telular Corp. v. Mentor Graphics Corp., No. 01 C 431, 2006 WL 1722375, at *11 (N.D. Ill. June 16, 2006) (citing cases). Accordingly, defendants are not entitled to these expenses.

## CONCLUSION

For the reasons stated herein, defendants are awarded $547.05.


**ENTER:** **July 20, 2012**

_____
**Robert W. Gettleman**
**United States District Judge**